UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES W. WATERS,

       Petitioner,                                     Case No. 04-10199-BC
                                                       Honorable David M. Lawson

v.

PAUL H. RENICO,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT AND DISMISSING PETITION AS UNTIMELY**

The petitioner, Charles W. Waters, presently confined at the Riverside Correctional Facility in Ionia, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he attacks his state court convictions for murder, robbery, conspiracy, and weapons possession. The respondent has filed a motion for summary judgment contending that the petition was filed beyond the period of limitation set forth in 28 U.S.C. § 2244 (d)(1). The Court agrees that the petition was filed out of time and must be dismissed.

I.

Following a jury trial in the Calhoun County Circuit Court, the petitioner was convicted of one count of first-degree premeditated murder, Mich. Comp. Laws §750.316(1)(a); one count of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b); one count of armed robbery, Mich. Comp. Laws § 750.529; one count each of conspiracy to commit murder and armed robbery, Mich. Comp. Laws § 750.157a; and three counts of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. He was sentenced to multiple life terms for the murder convictions, as well as terms of years on the lesser crimes, on January 13, 1999. His direct appeals through the

Michigan courts concluded on May 29, 2001 when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction on his appeal of right. *See People v. Waters,* 464 Mich. 861, 627 N.W.2d 606 (2001).

On June 25, 2001, the petitioner filed a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500, *et seq.* The post-conviction review process was completed on December 30, 2002 when the Michigan Supreme Court denied the petitioner's application for leave to appeal the denial of his post-conviction motion by the trial court and the Michigan Court of Appeals. *See People v. Waters,* 467 Mich. 931, 655 N.W.2d 567 (2002).

The present habeas petition was signed, dated, and considered filed under the prison mailbox rule on July 30, 2004. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001). The respondent filed his motion for summary judgment on February 5, 2005 contending that the petition is untimely.

II.

Under Federal Rule of Civil Procedure 56(c), summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R Civ. P. 56(c); *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000) (applying Rule 56 in habeas corpus proceeding). To defeat a motion for summary judgment, the non-moving party must set forth facts that are sufficient to demonstrate that a reasonable factfinder could find in his favor. *Id.* at 851. The summary judgment rule applies to habeas corpus proceedings. *See Jackson v. Straub,* 309 F. Supp. 2d 952, 956 (E.D. Mich. 2004).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132,

110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the effective date of the Act. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001) (case filed thirteen days after the limitations period expired dismissed for failure to comply) *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

In this case, the petitioner filed a post-conviction motion in state court for review of his convictions before those convictions became "final" after direct review within the meaning of 28 U.S.C.§ 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (holding that a Michigan prisoner's conviction becomes "final" ninety days after the Michigan Supreme Court

renders its decision denying leave to appeal on direct appeal, accounting for the period within which the defendant may apply to the United States Supreme Court for a writ of certiorari). The statute of limitations was tolled while the petitioner's post-conviction motion was pending in state court, *see* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"), and for ninety days thereafter during which the petitioner could have filed a petition for certiorari in the Supreme Court. *See Abela v. Martin,* 348 F.3d at 172-73. Therefore, the timeliness of the habeas petition in this case must be measured from the finality date following the termination of the state post-conviction proceedings. The Michigan Supreme Court denied leave to appeal in the post-conviction proceedings on December 30, 2002; the certiorari deadline was March 30, 2003. Absent additional tolling, the habeas petition in this case should have been filed by March 30, 2004 to comply with 28 U.S.C.§ 2244(d)(1).

The petitioner acknowledges that his petition was not filed on time; the operative filing date in this case is July 30, 2004, four months after the deadline. He contends, however, that equitable tolling should excuse his untimeliness. Although equitable tolling applies to the one-year period of limitation for habeas corpus petitions, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U. S. 1057 (2001), "federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted). Courts must consider the five factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988),

when determining whether equitable tolling is appropriate. *Dunlap*, 250 F.3d at 1009. These factors are: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id*. at 1008. This list of factors is not comprehensive; on the other hand, each factor may not be relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2001). "The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Ibid.* A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003).

The petitioner filed a memorandum in support of his request for equitable tolling in which he refers to the five factors recited above, but the thrust of his argument is that he suffers from a mental disability that limits his reading and writing skills to a fourth-grade level. He states that as an infant he was afflicted with a condition known as hydrocephalus, and that while doctors were installing a shunt to relieve this condition, his cerebrum was damaged. The petitioner asserts that he can read and comprehend nothing but the simplest of words, and he is now receiving specialized remedial schooling which allows him to function at a fourth grade reading level.

"A habeas petitioner's mental incompetence is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition." *Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002) (*citing to Nara v. Frank,* 264 F.3d 310, 320 (3d Cir. 2001)). Therefore, a habeas petitioner must allege more than the "mere existence of physical or

mental ailments" in order to qualify for equitable tolling; he must show that his mental health problems rendered him unable to file a habeas petition within the one-year limitations period. *Id.*

The general federal rule is that a statute of limitations is tolled by reason of mental illness "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996) (internal citations omitted). Courts have held that a mental condition that merely burdens a habeas petitioner, but does not prevent him or her from filing a timely application for habeas relief, does not constitute an extraordinary circumstance that justifies equitable tolling. *United States v. Harris,* 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003).

The petitioner has not made the requisite showing here. The only disability that petitioner claims that he suffers from as a result of this alleged mental condition is difficulty reading and writing. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (holding that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations"). Therefore, petitioner's difficulties with reading or writing the English language do not entitle him to equitable tolling.

Moreover, apropos of the observation made by the court in *Cobas*, in spite of the fact that petitioner was suffering from this mental impairment, he nonetheless was able to file a post-conviction motion in the state trial court and subsequently had the ability to file an appeal from the denial of post-conviction relief in the state appellate courts. "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who

-6-

seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown,* 232 F. Supp. 2d at 768.  Because petitioner was able to seek post-conviction relief in the state trial and appellate courts while he was suffering from this mental illness, he was not so mentally incompetent as to warrant equitable tolling of the limitations period for bringing his habeas petition.

The petitioner also argues that the limitations period should be equitably tolled because he was unaware of the AEDPA's one year limitations period.  Equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of petitioner's alleged lack of actual or constructive knowledge of the filing requirement because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline.  *See Allen v. Yukins,* 366 F.3d 396, 402-03 (6th Cir. 2004).  In addition, even if the petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.*

The petitioner contends that the warden is not prejudiced by the delay in filing the petition. However, lack of prejudice to the respondent is a factor to be considered by a federal court on habeas review only after a ground is first identified that might justify equitable tolling, which, as discussed above, is absent here.  *See Vroman,* 346 F.3d at 605.

Finally, petitioner argues that the limitations period should be equitably tolled based upon his actual innocence of the crimes for which he was convicted.  The Sixth Circuit recognized this year that actual innocence is a valid ground upon which a prisoner might avoid the bar of the statute of limitations in 28 U.S.C.§ 2244(d)(1).  *See Souter v. Jones,* 395 F.3d 577, 599-600 (6th Cir. 2005). However, to avail himself of that rule, the prisoner must establish actual innocence under the more

stringent rule of *Schlup v. Delo,* 513 U.S. 298 (1995), by coming forward "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *Schlup*, 513 U.S. at 324, and which shows that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. *See Souter*, 395 F.3d at 590. Of course, "actual innocence means factual innocence, not mere legal insufficiency." *Ibid.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Ibid.* (quoting *Schlup,* 513 U.S. at 321).

The petitioner has not made a showing within the meaning of *Schlup v. Delo* that he is actually innocent. His presentation is limited to his own unsupported, self-serving statements; he has offered no affidavits or other documentary evidence in support of his claims of actual innocence. Moreover, the statements themselves to not meet *Schlup*'s rigorous standards. The petitioner challenges the legal sufficiency of the evidence to convict him on these charges, *see* Claim # 2, but, as noted above, mere legal insufficiency will not suffice. The petitioner's argument that he is actually innocent because he lacked the *mens rea* or intent to commit these crimes is inadequate because it, too, involves the legal sufficiency of the evidence and not petitioner's factual innocence. *See Downes v. Carroll,* 348 F. Supp. 2d 296, 305 n.7 (D. Del. 2004). Likewise, petitioner's claim that he was merely present when the crimes were committed does not support a claim of factual innocence either. The Court finds that the petitioner has failed to make a credible showing of actual innocence so as to toll the limitation period because he has offered no new reliable evidence of innocence in support of his claim. *See Neal v. Bock,* 137 F. Supp. 2d at 885.

III.

For the reasons given above, the petitioner has failed to show compliance with the statute of limitations. 28 U.S.C. § 2244(d)(1).

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 7] is **GRANTED**, and the application for a writ of habeas corpus is **DISMISSED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 29, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2005.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS